D. Ormonde Ritchie, J.
In this proceeding brought pursuant to article 78 of the CPLR, petitioner seeks a judgment in the nature of prohibition directed to respondents restraining prosecution of an information charging the petitioner with the possession of book-making records. The theory of petitioner’s proceeding is that prosecution of the charge leveled in the information would be violative of the Constitution of the State of New York and of the United States granting immunity from being twice put in jeopardy for the same offense.
Undisputed facts reveal that a trial of petitioner on a charge of possession of book-making records was in progress in the Suffolk County District Court on the 16th day of March, 1965. Two prosecution witnesses had testified. During the testimony of the third prosecution witness, the trial was interrupted to permit a discussion between the Presiding Judge, the Assistant District Attorney, and counsel for the defendant, relative to the introduction in evidence of a confession purportedly made by and signed by petitioner. Counsel for the defendant objected to the introduction of the confession in evidence upon the ground that reasonable notice of intention to offer the confession had not been given to the defense as directed in People v. Huntley (15 N Y 2d 72). Thereupon the Presiding Judge, presumably in order to afford an opportunity to the prosecution to give the defense reasonable notice that the confession would be offered *490 in. evidence, directed the withdrawal of a juror and declared a mistrial. The mistrial was declared over the objection of the defendant.
The Code of Criminal Procedure of the State of New York is silent as to those prosecutions in which a mistrial may be declared prior to the final submission of the case to the jury for rendition of a verdict. The silence of the code compels resort to common law. The causes for which a jury may be discharged before rendition of a verdict are stated to be: (1) consent of the defendant; (2) illness of (a) one of the jurors, (b) the defendant or (c) the court; (3) absence of a juryman; (4) impossibility of agreement between jurors on a verdict; (5) some untoward accident that renders a verdict impossible, and (6) extreme and overwhelming physical or legal ^necessity. (1 Wharton’s Criminal Law [12th ed.], § 395.)
In New York the test applied is whether the trial has proceeded to a point where witnesses have been sworn and testimony bearing upon the issues has been taken. Where, a defendant has been arraigned and pleaded to a valid charge and a jury has been sworn and evidence given, the discharge of the jury for causes other than those recited in Wharton’s Criminal Law (supra) constitutes an acquittal and precludes a subsequent prosecution upon the grounds of double jeopardy.
To permit the declaration of mistrials upon the grounds that District Attorneys cannot secure convictions in the absence of permissible introductions of confessions or upon the grounds of absence of witnesses, would subject defendants to a succession of prosecutions that is repugnant to the constitutional immunity against being twice placed in jeopardy for the same offense (People v. La Vallee, 11 AD 2d 553; People ex rel. Meyer v. Warden, 269 N. Y. 426; People ex rel. Stabile v. Warden of City Prison, 202 N. Y. 138; Cornero v. United States, 48 F. 2d 69).
The petition herein is granted to the extent of issuance of a writ restraining further prosecution of the defendant upon the information No. ce-cr 4018-64, filed in the District Court, County of Suffolk. In other respects, the petition is denied, without costs.