John H. Pennock, J.
This is a proceeding pursuant to article 78 of the CPLE seeking an order restraining the respondents from any proceedings in a manner as to the prosecution of the defendant upon an information charging him with assault. The *424 main thrust of the petitioner’s argument is that the retrial of the information and charge would be in violation of his constitutional rights under section 6 of article I of the New York State Constitution and amendment 5 of the Constitution of the United States which states basically that no person shall be subject to be twice put in jeopardy for the same offense.
The petitioner was arrested on February 25, 1963, in a hotel in Sullivan County and taken before a Justice of the Peace in Monticello, New York. He was charged with assault and pleaded guilty to a reduced charge of disorderly conduct. This disposition was appealed to Sullivan County Court and remitted back to the Justices’ Court for a trial of the petitioner on the original charge of assault.
A jury was impounded and sworn on July 12, 1965, and the trial of the petitioner was commenced before a Justice of the Peace in Sullivan County, the situs of the alleged charge. One witness was sworn and testified for the People on both direct and cross-examination and other witnesses testified on direct. The latter witness was the Justice of the Peace who accepted the plea of guilty in the first proceeding. His testimony was apparently offered for the purpose of credibility of the defendant’s contemplated testimony or proof to be offered by the defendant petitioner herein. The Justice testified as to the facts and events surrounding the plea of guilty to the same disorderly conduct charge. The defendant’s counsel objected to this testimony and requested the withdrawal of a juror. The court overruled the objection and impliedly denied the motion for a mistrial. The Assistant District Attorney then asked the court to instruct the jury that it should disregard the testimony as to the plea of guilty by the defendant. In other words he attempted to expunge the testimony of the witness from the minds of the jury. The court granted his request as follows: ‘ ‘ The jury is so instructed.” Again the defendant’s counsel made a second motion for a mistrial and the court denied the motion. It was at this juncture the Assistant District Attorney stated he would consent to a mistrial. The defendant’s attorney stated he withdrew any motion for a mistrial. The attorneys and court retired to chambers, no stipulation was reached as to the motion for a mistrial. Upon return the Assistant District Attorney made a statement with the jury present as to waiver by defendant of any appeal on grounds of prejudice quite unlike the Zendcmo case. (People v. Zendano, 13 Misc 2d 145.) The statement within itself was highly prejudicial in the opinion of this court, but counsel for defendant consented to it -conditionally. “ I consent to that, but I want it clearly understood that that con *425 viction was reversed on appeal.” The Assistant District Attorney then made other remarks and the defendant’s counsel refused to concede the remarks as part of the stipulation in respect to instructions of the jury.
Ordinarily, based upon the record, the court was well within proper exercise of discretion to grant a mistrial. Further, the witness was asked no further questions, nor did he testify after the motion of defendant was made. It would seem then, that no prejudice could befall the defendant as the Assistant District Attorney finally made the same motion. But added to these facts was the action of the prosecution, perhaps in good faith, if not prudently, which created a situation which led to a state of confusion both for the court and jury and to permit a mistrial to stand, “ would subject defendants to a succession of prosecutions that is repugnant to the constitutional immunity against twice being placed in jeopardy for the same offense ” as recently held in Matter of Roth v. District Ct. of the County of Suffolk, (46 Misc 2d 489, 490) cited by defendant’s able counsel in his supplemental brief. The prosecution cannot sabotage its case, even unintentionally, and be allowed to make repeated attempts to convict.
The main question presented is whether the defendant’s counsel consented to the motion for a mistrial. The answer is in the negative. The record is replete with urgings by defendant’s counsel to proceed with the trial. This court cannot in all conscience find, as urged by the respondent, that the defendant’s counsel consented to the mistrial. The protection of the provision against double jeopardy is personal and may be waived by the person entitled thereto. (People v. McGrath, 202 N. Y. 445; People v. Zendano, supra.) But in order to sustain a valid consent or waiver it must be unequivocal and the present record presents anything but a clear consent to a mistrial.
The defendant’s counsel’s motion was denied and he made no effort to press the motion for a mistrial again. At the juncture when the Assistant District Attorney made the motion it was unilateral in nature and the statement of defendant’s counsel that he was withdrawing his prior motion was gratuitous as that motion had already been denied. During the course of a trial the picture constantly changes and a motion made and denied may eventually benefit the party who moved. The act of advocacy still persists in our form of procedure, otherwise injustice and chaos would result. It has been held that where “ defendant’s counsel had declared that he withdrew the motion to set aside the verdict before the learned trial judge had passed upon it” is a valid withdrawal. (People v. McGrath, supra, *426 p. 453.) Further this is a strict constitutional question pointed at a person’s basic rights and even in a “ gray area ” which this is not, all doubts should be resolved in favor of the individual.
Other points of defendant’s counsel are without merit at this time. Any claim of prejudice or availability of witnesses would be matters for the trial if one could be had and in view of the court’s ruling as to double jeopardy and a violation of defendant’s constitutional rights, these questions are academic and are not passed upon.
In conclusion the court orders the issuance of a writ prohibiting and restraining the respondents from proceeding under the present information as ‘ ‘ Prohibition is the traditional remedy designed for this kind of situation ”. (Matter of Kraemer v. County Court, 6 N Y 2d 363, 365.)