RICHARD MOYER *v.* STATE OF INDIANA

[No. 3-376A63. Filed September 7, 1978.]

*Arthur Allan Keppen,* of Michigan City, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Jack R. O'Neill,* Deputy Attorney General, for appellee.

GARRARD, P.J.—After trial by jury Moyer was convicted of theft. His appeal asserts the prosecution was barred by the double jeopardy clause and that physical evidence and his inculpatory statements should have been excluded as the product of an illegal arrest. We affirm.

The factual background discloses that Mid-Town Barbers in Michigan City was burglarized on March 19, 1975. Missing were various barber tools, a checkbook for the shop account and approximately $700 in cash, which included a large amount of change. Moyer, who was employed at the shop, had been seen inside after the shop was closed and shortly before the theft was discovered. He did not report for work the following day, or thereafter.

---

On March 30, 1975, Moyer was arrested in Daytona, Florida. Discovery of the checkbook, barber tools and loose change led to a confession and, ultimately, to extradition to Indiana.

After being returned to Indiana, Moyer attempted an escape. Subsequently, he and the state agreed to a plea bargain which was accepted by the trial court. Under the terms of the bargain, Moyer agreed to plead guilty to attempted jail break and, in return, was to be permitted to plead guilty to theft of property valued at less than one hundred dollars ($100) in this case. He entered the plea in this case and sentence was pronounced thereon. He then withdrew his guilty plea to the other charge. Thereupon the state moved to vacate and set aside the conviction and sentence in this case. This motion was granted and a month later Moyer was tried by jury and convicted of committing theft of property valued at more than one hundred dollars ($100).

His first contention is that acceptance of his guilty plea and sentencing thereon barred the subsequent prosecution by subjecting him to double jeopardy.

We find, initially, that the claim of double jeopardy has been waived.

Clearly a defendant, by his actions, may waive a claim of double jeopardy. *State ex rel. Lopez v. Killigrew* (1931), 202 Ind. 397, 174 N.E. 808; *See also Jeffers v. U.S.* (1977), 432 U.S. 137, 97 S. Ct. 2207, *U.S. reh. den.* 98 S. Ct. 241. It has long been the law that a defendant's failure to object at the time the jury is discharged (after jeopardy has attached) precludes him from asserting double jeopardy as a bar to a subsequent prosecution for the same offense. *Harlan v. State* (1921), 190 Ind. 322, 130 N.E. 413; *Fowler v. State* (1882), 85 Ind. 538. This is so even though he does make objection prior to commencement of the subsequent trial. *Holt v. State* (1945), 223 Ind. 217, 59 N.E. 2d 563; *Kelley v. State* (1973), 156 Ind. App. 134, 295 N.E. 2d 372.

Here, after the plea bargain was breached, the state moved to vacate the judgment in open court with the defendant and his attorney present. No objection whatever was made by the defendant to the state's motion or the court's ruling. The claim of former jeopardy was therefore waived.

However, even had a timely objection been made we would feel con-

strained to deny Moyer's claim. Indiana has both formalized and legitimized plea bargains by statute. *See* IC 35-5-6-1 *et seq.* Under the statute the court must accept or reject the recommended plea bargain and if it accepts, it is bound by the terms of the bargain.

Under such circumstances, to permit a defendant to enter a plea bargain binding on the court and thereafter retain the benefit of the bargain while relieving himself of its burden, would operate as a fraud upon the court. It has long been held that the double jeopardy clause will not bar a prosecution where the first proceeding is a sham or fraud procured by the defendant for the purpose of defeating full prosecution. *Watkins v. State* (1879), 68 Ind. 427.

Moyer next contends that physical evidence and his confessions should have been suppressed as having been secured from an illegal search and seizure. He further contends the evidence was otherwise insufficient to sustain the conviction. We disagree.

The evidence at the suppression hearing disclosed that on March 30, 1975 Daytona police officer Watts approached from the rear a vehicle driven by Paul Sharff and in which Moyer was a passenger. The officer noticed that the license plate was attached with only one screw and the rear window of the car was obstructed so as to limit vision into or out of the car. As Watts moved closer the car decreased speed to 30 m.p.h. although the speed limit was 55 m.p.h. The officer moved into the passing lane to view the occupants. The other vehicle then slowed to 20 m.p.h.

These observations caused Officer Watts to seek a radio check on whether the car was stolen. He also asked for assistance and then stopped the other car. He asked to see Sharff's operator's license, but Sharff stated he had none. The officer then informed Sharff he would have to post bond as an unlicensed driver. The officer then asked the other occupants for identification. Three hitchhikers, who had been riding in the back, produced identification and were permitted to leave. When the officer asked Moyer for identification he could not produce a driver's license or anything that satisfied the officer. The officer then asked Moyer to get out of the car. As Moyer was doing so, the officer noticed a bulge in his front left pocket which appeared to be a weapon. The officer took the object, a straight razor, and charged Moyer with carry-

ing a concealed weapon. When the car was subjected to an inventory search before impoundment, the barber tools, checkbook and loose change were found.[1]

We feel that under the circumstances known to the officer the stop was a valid investigatory stop pursuant to *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868. While it was based upon suspicion that the car was stolen, it was reasonable based upon the officer's experience and the articulable facts. We view similarly the request that Moyer identify himself and that he step from the car when he was unable to provide identification. At that juncture the officer saw the weapon and his subsequent actions in arresting Moyer are not challenged.

As to discovery of the physical evidence in the car, there is no showing or suggestion that Moyer had any standing to object to a search.

The intial stop and investigation did not constitute an illegal arrest. The evidence procured thereafter was properly admitted and sustains the conviction.

Affirmed.

Hoffman, J. and Chipman, J. Concur.

NOTE—Reported at 379 N.E.2d 1036.

---

1.    Under Florida law the car was apparently subject to impoundment. *Jackson v. State* (1966), 192 So. 2d 78.