**Shlomo MENDELVITZ, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–980A248.**

Court of Appeals of Indiana, First District.

Feb. 24, 1981.

Keith A. Dilworth, Richmond, for defendant-appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

A jury in the Wayne Superior Court No. 1 found Shlomo Mendelvitz guilty of robbery, a class C felony. On appeal, Shlomo raises the following issues:

I. Whether the verdict of the jury is contrary to law;

II. Whether there is sufficient evidence to sustain the jury's verdict;

III. Whether the trial court erred in overruling the defendant's motion to suppress evidence obtained by an allegedly illegal search of an automobile;

IV. Whether the court erred in admitting into evidence State's exhibits Nos. 2, 3, 4, and 5, consisting of photographs used in identifying the defendant.

We affirm.

## DISCUSSION AND DECISION

*Issues I and II.*

When reviewing the sufficiency of the evidence, we will consider only the evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom. If there is sufficient evidence of probative value from which a reasonable trier of fact could have found the existence of each element of the crime beyond a reasonable doubt, we will not set aside the conviction. *Whorton v. State*, (1980) Ind. App., 412 N.E.2d 1219.

The evidence most favorable to the State shows that on July 11, 1979, Shlomo was at a rest stop on Interstate 70. There he met the victim, Henry Blacker, and the two struck up a conversation. Shlomo told Blacker he was waiting for a ride to Columbus, Ohio, but his driver had not yet arrived. Blacker lived nearby. He offered Shlomo the small, extra bedroom in his trailer for the night and said he would bring Shlomo back to the interstate highway the next morning. The two men proceeded to Blacker's trailer, where they drank coffee and watched television, and then retired for the night.

Sometime later, Shlomo entered Blacker's bedroom armed with a handgun. Shlomo told Blacker his finger was "very itchy" and warned Blacker not to do anything foolish. Shlomo went through Blacker's bureau

drawers and examined some of his other possessions, then ordered Blacker to take him back to I–70. Blacker complied. At an I–70 interchange, Shlomo, continuing to brandish the weapon, ordered Blacker to get out of the car. Blacker again complied; Shlomo drove away.

On August 26, 1979, an officer of the Golden Beach, Florida, police department stopped an automobile improperly displaying New York license plates. By routine computer check the officer determined the vehicle had been reported stolen. The driver, Shlomo Mendelvitz, was arrested. The officer searched the vehicle for the purpose of inventorying its contents prior to impoundment. The officer found, among other items, a 32-caliber revolver in the glove compartment.

At trial, Shlomo admitted taking Blacker's car. He admitted purchasing a gun in Columbus, Ohio, on July 10, 1979. Nevertheless, Shlomo testified in his defense that in response to a homosexual advance by Blacker at the trailer he asked Blacker to take him back to the highway. After Blacker drove him to I–70, Shlomo suggested that he could drive. When Blacker got out of the car and started around to the passenger side, Shlomo drove away. Shlomo testified he took the car in order to punish Blacker for his actions. He repeatedly testified, however, that he was not armed.

Shlomo was charged with robbery, a class B felony. He argues there was no evidence of threat of force without reference to a

handgun, therefore the jury's verdict, convicting him of the class C felony, is not supported by sufficient evidence and is contrary to law. Shlomo asserts he should have been convicted of theft.

There is no question that, under the previous criminal code, robbery [1] was a lesser included offense of commission of a felony while armed, to-wit: robbery.[2] *Dembowski v. State,* (1968) 251 Ind. 250, 240 N.E.2d 815; *Taylor v. State,* (1968) 251 Ind. 236, 236 N.E.2d 825; *Cross v. State,* (1956) 235 Ind. 611, 137 N.E.2d 32.

In *Cross, supra,* the defendant was charged with robbery while armed but convicted of robbery. Our Supreme Court held that robbery was a lesser included offense of commission of a felony while armed, and affirmed the conviction.

In *Taylor, supra,* the defendant was charged with, and convicted of, robbery. The defendant, in an attempt to avail himself of the lesser penalty provided under the felony while armed statute,[3] asserted on appeal that the evidence unequivocally showed he had committed the crime while armed with a gun, and therefore he should have been charged with, and convicted of, the offense of commission of a felony while armed. The Supreme Court, citing *Cross, supra,* again held robbery was a lesser included offense of commission of a felony while armed. The court further stated:

"Even though the evidence is sufficient to show that the accused is guilty of a certain offense, he may be convicted of a

---

**1.** Ind.Code 35–13–4–6 provided:

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten (10) years nor more than twenty-five (25) years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life."

**2.** Ind.Code 35–12–1–1 provided, in part:

"Any person who being over sixteen (16) years of age, commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony and upon conviction shall be imprisoned for determinate period of not less than ten (10) years nor more than thirty (30) years."

**3.** The statute then in effect provided for a sentence of ten to twenty years. Acts 1965, ch. 298, § 1.

lesser included offense. This rule has been applied to criminal actions, as in the case at bar, where the defendant is charged only with the lesser offense but the proof shows the commission of a greater offense which includes the lesser one charged. *Caudill v. State* (1946), 224 Ind. 531, 69 N.E.2d 549. . . .

The State has the right to decide under which criminal statute it wishes to prosecute, for it is within the prosecutor's discretion and judgment to determine what offense can be proved with the evidence at hand. Moreover, it is within the prosecutor's discretion to recommend a lesser charge in exchange for the accused's guilty plea. There is no rule of law giving a criminal defendant the right under any circumstances to select the crime for which he is to be tried. *Durrett v. State* (1966), 247 Ind. 692, 219 N.E.2d 814; *Palmer v. State* (1926), 197 Ind. 625, 150 N.E. 917; *Young v. State* (1923), 194 Ind. 221, 141 N.E. 309."

251 Ind. at 240–241.

Ind.Code 35–42–5–1 (Supp.1980) provides:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear; commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon, and a Class A felony if it results in either bodily injury or serious bodily injury to any other person."

Under Ind.Code 35–42–5–1 the class C felony of robbery is an inherently lesser included offense of the class B felony of robbery while armed with a deadly weapon. *Lewis v. State*, (1980) Ind.App., 406 N.E.2d 1226.[4] The jury was instructed regarding the elements of the offenses of robbery while armed, robbery, and theft, and was provided with verdict forms for all three offenses. The jury returned a guilty verdict convicting Shlomo of the class C felony of robbery.

An included offense may be established by proof of the same material elements required to establish the commission of the offense charged. Ind.Code 35–41–1–2 (Supp.1980). The nature of the threatened force is not material in the definition of robbery as a class C felony. Any threat of force, conveyed by word or gesture, or by the brandishing of a gun, knife, or some other deadly weapon, will suffice. The fact that the same proof, here the gun, would support a conviction of the greater offense, the class B felony, is not a circumstance of which Shlomo may complain. *Caudill v. State*, (1946) 224 Ind. 531, 69 N.E.2d 549. There is sufficient evidence to sustain the jury's verdict.

*Issue III.*

Shlomo objected to the admission of State's exhibits Nos. 9, 10, and 11, i. e., a gun, bullets, and an Israeli passport, and moved to suppress testimony regarding the items discovered during the search of the automobile. The trial court admitted the exhibits and allowed the testimony ruling (1) the evidence was the product of a valid inventory search, and (2) Shlomo had no standing to object to the search. On appeal Shlomo contends State failed "to meet the requirements for a valid inventory search."[5]

The exclusionary rule effectuates the guarantees of the Fourth Amendment to the Constitution of the United States. The issue is whether the challenged search or seizure violated the Fourth Amendment rights of the criminal defendant before us

---

4. The class C felony of robbery is also an inherently lesser included offense of the class A felony of robbery resulting in either bodily injury or serious bodily injury. However, the class B felony is not an inherently lesser included offense of the class A felony. *Cape v. State*, (1980) Ind., 400 N.E.2d 161.

5. Shlomo also contends "there was not an articulable suspicion to stop him, nor was there probable cause to search the vehicle he was in, and further that exigent circumstances did not exist." However, he fails to support the contention with cogent argument and citation to authority. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

who seeks to exclude the evidence obtained thereby. In *Pollard v. State*, (1979) Ind., 388 N.E.2d 496, 502, our Supreme Court established the following guideline for the determination of that issue:

"(1) [W]as there a constitutional violation, i. e., was the search and seizure unreasonable within the meaning of the Fourth Amendment, and;

(2) [I]f so, were the rights thereby violated the rights of the defendant or some other person."

■■■ As evidence reveals, the officer stopped Shlomo because the automobile he was driving improperly displayed only one New York license plate. Shlomo attempted to evade the police officer. When stopped, Shlomo could not produce a vehicle registration. A computer check indicated the automobile had been reported stolen in Indiana. The officer arrested Shlomo. The officer's uncontradicted testimony indicates the inventory search prior to impoundment was conducted in accordance with departmental regulations and Florida statutory law. *Moyer v. State*, (1978) Ind.App., 379 N.E.2d 1036. Furthermore, if we were to assume, *arguendo*, the search was unlawful, Shlomo has no legitimate expectation of privacy or any other personal, proprietary, or possessory interest in the stolen automobile, the violation of which would invoke the exclusionary rule. *Pollard, supra; Moyer, supra; Ross v. State*, (1977) Ind.App., 360 N.E.2d 1015; *Payne v. State*, (1976) 168 Ind.App. 394, 343 N.E.2d 325.

*Issue IV.*

Among the items seized in the Florida search was a photograph of Shlomo showing him sitting on a couch with an unidentified woman. This photograph was forwarded to Indiana authorities and became, along with three additional photographs of couples provided by local police, part of a photographic display from which the victim identified Shlomo as the man who had taken his automobile.

At trial, Shlomo objected to the admission of his photograph on grounds that it was "fruit of the forbidden tree." He ob-

jected to the admission of the three photographs taken by the police on grounds ". . . that it [sic] lends nothing to this case, has no bearing on this case, is duplicitous, it's part of the previous objections I made with regard to the array of the pictures displayed . . ." to the victim.

In his appellate brief, Shlomo continues to maintain that the photograph seized during the search was fruit of the forbidden tree and should have been excluded from evidence. Our reasoning and holding in Issue III disposes of this argument. He makes no mention of his objection to the admission into evidence of the other three photographs. Rather, he argues the entire pretrial identification procedure was unnecessarily suggestive and conducive to irreparable mistaken identification. Specifically, he contends the police displayed an insufficient number of photographs and the photographs did not portray individuals of sufficient likeness to himself. Shlomo states, "The testimony concerning such photographs, their identification and the pinpointing of the Defendant tainted the testimony of the victim and prejudiced the rights of the Defendant."

■■■ Assuming, *arguendo*, the issue is properly before us, the argument is without merit. A witness' in-court identification need not be suppressed unless it is shown that the pretrial identification procedure was unnecessarily suggestive. *Gaddis v. State*, (1977) 267 Ind. 100, 368 N.E.2d 244. Evaluated in light of the totality of the surrounding circumstances, we do not find the pretrial identification procedure was unnecessarily suggestive. Four photographs were displayed to the victim in an impartial manner. The photographs were personal in nature; that is, they in no way resembled mug shots. Although persons of greater likeness might have been found, those persons appearing in the photographs were not so dissimilar as to be conducive to mistaken identification. Furthermore, Blacker had ample opportunity to observe the perpetrator of the crime; this would provide an independent basis for the in-court identification. *Aker v. State*, (1980)

Ind.App., 403 N.E.2d 847. Finally, Shlomo admitted he was the man who took Blacker's automobile. Any error was harmless. *Sparks v. State*, (1942) 220 Ind. 343, 42 N.E.2d 40.

For the reasons stated above the conviction is affirmed.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.