Ronald Keith WHITEHEAD,
Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 3–582A89.

Court of Appeals of Indiana,
Third District.

Feb. 14, 1983.

Rehearing Denied April 3, 1983.

Brennan & Brennan, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Ronald Keith Whitehead brings this interlocutory appeal from the trial court's denial of his Motion for Discharge. He contends that further prosecution is barred by the constitutional prohibition against double jeopardy.

Affirmed.

Ronald Keith Whitehead was charged with murder on February 24, 1981. On February 3, 1982, a jury was selected. The next day, the trial judge issued preliminary instructions to the jury, both parties presented opening statements, and the State presented its first witness. Following the lunch recess, the trial judge informed the parties that the jury had not been sworn. Whitehead moved for a mistrial. The motion was denied, subject to reconsideration. Over Whitehead's objection, the court swore in the jury, and the State's first witness was again examined. Following another recess, the State informed the trial court that it had no objection to the motion for mistrial. The trial court then granted the mistrial. Whitehead, by counsel, reiterated his objection to the swearing of the jury, but he did not object to the granting of the mistrial or to the discharge of the jury.

The trial judge disqualified himself and another judge was selected. On February 25, 1982, Whitehead filed a Motion for Dis-

charge, alleging that further prosecution would violate the prohibition against double jeopardy. Following a hearing the judge denied Whitehead's motion. Whitehead appeals from that denial.

■ Both the Fifth Amendment to the United States Constitution and article one, section fourteen of the Indiana Constitution provide that a person shall not be placed in jeopardy twice for the same offense. This protection will not prevent further prosecution if a defendant waives his right to raise double jeopardy claims or consents to the termination of proceedings after jeopardy has attached or if the termination is required by "manifest necessity," *Crim v. State* (1973), 156 Ind.App. 66, 294 N.E.2d 822, 829; *see* IC 1976, 35–41–4–3(a)(2) (Burns Code Ed., 1979 Repl.), such as a jury which cannot reach a decision. *Oregon v. Kennedy* (1982), —— U.S. ——, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416. A defendant waives his right to raise double jeopardy by failing to make a timely objection to the discharge of the jury. *Moyer v. State* (1978), 177 Ind.App. 461, 379 N.E.2d 1036. If he moves for or consents to a mistrial, he also forfeits his right to raise double jeopardy in further proceedings, *Cabell v. State* (1978), 267 Ind. 664, 372 N.E.2d 1176, 1177, unless the motion was necessitated by governmental conduct "intended to provoke the defendant into moving for a mistrial." *Oregon v. Kennedy, supra,* 102 S.Ct. at p. 2091.

■ Whitehead contends that he neither consented to the termination of proceedings against him nor waived his right to raise double jeopardy.[1] We disagree. When the trial judge informed the parties that he had neglected to swear the jury, Whitehead moved for a mistrial. His motion was denied *subject to reconsideration* but later granted. Because the mistrial was declared in response to Whitehead's motion, he cannot now assert that double jeopardy bars further prosecution. *See Lee v. United States* (1977), 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80, *Cabell v. State, supra.*

Whitehead argues that the motion for mistrial was no longer his because the trial court denied the motion. However, the trial judge stated that he would research the question and reconsider his ruling. Whitehead's counsel submitted a brief on the issue to the trial judge and consented to the judge's request that he keep the brief and review the cases overnight. When the State later announced that it had no objection to a mistrial, the trial court granted Whitehead's motion. At the time the motion was granted, Whitehead made no objection and made no attempt to withdraw the motion;[2] he reiterated his earlier objection to the jury being sworn, but did not object to the mistrial or to the discharge of the jury.[3]

1. Whitehead also argues that "manifest necessity" for the mistrial did not exist. Because we hold that the mistrial was granted in response to Whitehead's motion, we need not decide whether "manifest necessity" existed.

2. The record shows the following:
   "[THE COURT:] Accordingly, under those circumstances, the defendant's motion is granted.
   "Gentlemen, have I misstated the record in any manner?
   "Does the state have anything to correct in that record?
   "MR. BARNES: No, sir.
   "THE COURT: Has the defense anything to correct in the record?
   "MR. D. BRENNAN: No, Judge. We would like the record to indicate, though, that after the motion the court did swear in the jury and proceeded taking—
   "THE COURT: I think all of that occurred on the record.

   "MR. D. BRENNAN: —with the taking of additional evidence.
   "THE COURT: That has all occurred on the record.
   "MR. D. BRENNAN: Judge, we do feel that it [the swearing in of the jury] is fundamental error and would require a discharge. I think that there will be some filings at a later time regarding that.
   "THE COURT: I think that that would be best ruled upon by a successor judge and I will name a panel tomorrow."

3. A defendant waives his right to assert double jeopardy if he fails to object to the discharge of the jury. *Moyer v. State, supra.* Whitehead concedes in his brief that no direct objection was made to the discharge of the jury. He contends that his objection may be implied. However, his only objection was to the swearing of the jury, not to its discharge. In order to preserve error, an objection must be specific

The United States Supreme Court considered a similar situation in *Lee v. United States, supra,* where defense counsel moved to dismiss an information after the prosecutor's opening statement in a bench trial. The trial judge denied the motion but stated that he would check the citation and consider the motion further. Following the presentation of evidence, the trial court granted the motion to dismiss. *Id.,* 432 U.S. at 25–26, 97 S.Ct. at 2143. Lee argued that double jeopardy barred his second trial. The Supreme Court held that,[4] in terminating Lee's first trial, the trial court "did not act *sua sponte* but in response to a motion by defense counsel." *Id.* at 31, 97 S.Ct. at 2146. In *Lee,* as in the case before us, the motion was made before jeopardy attached,[5] denied subject to further consideration, and granted after jeopardy attached. The Court noted that defense counsel neither attempted to withdraw the motion nor objected to termination of the proceedings. *Id.* at 33, 97 S.Ct. at 2147.

Whitehead consented to the trial court's research and further consideration of the issue, made no attempt to withdraw his motion, and did not object to the termination of proceedings. Furthermore, when the jury was sworn, he objected to the swearing. He later reiterated his objection following the declaration of a mistrial, stating that the swearing was "fundamental error and would require a discharge." These objections demonstrate Whitehead's

continuing desire that the proceedings be terminated. *Cf. Brown v. State* (1979), Ind. App., 390 N.E.2d 1058, 1065 (dicta) (objection to proceedings was "tantamount to a motion for a mistrial.").[6] The trial court did not err in ruling that double jeopardy does not bar further prosecution of Ronald Whitehead.

Affirmed.

HOFFMAN, P.J.; and GARRARD, J., concur.

and a basis for the objection not raised in the trial court cannot be raised on appeal. *Brown v. State* (1981), Ind., 417 N.E.2d 333, 336.

4. The Court determined that, in this situation, the dismissal was governed by rules of double jeopardy applicable to a declaration of mistrial. *Id.* at 31, 97 S.Ct. at 2146.

5. We assume that jeopardy attached for Whitehead when the jury was sworn.

6. This case is distinguishable from the cases in other jurisdictions cited by Whitehead. In *Braxton v. United States* (D.C.1978), 395 A.2d 759, the defendant's motion was denied without reservation. In holding that double jeopardy barred a retrial, the appellate court noted that the trial judge gave no indication that he would consider his ruling. Moreover, the mistrial was granted for reasons other than those

given by the defendant in support of his original motion.

In *Jones v. Commonwealth* (1980), 379 Mass. 607, 400 N.E.2d 242, the defendant formally waived his motion for mistrial made six days earlier because the grounds for it no longer existed, and he objected to its being granted. On appeal, the State did not contend that the defendant consented; the decisive issue was whether severance, rather than a mistrial should have been ordered.

In *Gershon v. Sardonia* (1966), 50 Misc.2d 423, 270 N.Y.S.2d 729, defense counsel, following the denial of his second motion for mistrial, urged that the trial be completed. The court on appeal also noted the prosecutor's part in creating the need for a mistrial and that the course of the trial had changed after the defendant's motion was denied.