**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Rena WILLIAMS, Appellee (Defendant Below).**

No. 3–982A252.

Court of Appeals of Indiana, Third District.

April 27, 1983.

Rehearing Denied May 27, 1983.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Charles A. Asher, Michael A. Dvorak, South Bend, for appellee.

HOFFMAN, Presiding Judge.

At approximately 1:30 A.M. on January 21, 1982, St. Joseph County Police Officer Robert Klein approached a Marathon gas station on the corner of U.S. 20 and Bittersweet Road in St. Joseph County during the course of his patrol. Officer Klein had been a county policeman for 10½ years, 7½ of which he had been assigned to road patrol. He was familiar with the area and was aware of criminal activity occurring there previously.

Upon entering the driveway, Officer Klein saw a green automobile moving slowly, from a parked position, with its lights off, across the lot. The station was dark and generally closed at 10:00 P.M., over three hours earlier.

Pulling behind the vehicle, Officer Klein used his red lights and signaled the green vehicle to stop. The driver, Rena Williams, exited the vehicle. When asked for her driver's license and registration, she produced her license and returned to the vehicle to get the registration. Officer Klein followed.

Inside the automobile, Officer Klein saw three male passengers, whom he recognized from prior contacts with them in his capacity as a police officer, and a stack of office equipment. Based upon his prior contact with the three male passengers, Officer Klein knew that none of the three was engaged in the business machine profession, and believed that none of the three had sufficient money to own, or sufficient knowledge to use, such machines.

Officer Klein returned to his squad car with Williams' registration to check for outstanding warrants and to radio for assistance. He then returned to the green vehicle and instructed the occupants to step to the front of the car. Upon the arrival of Troopers Wilkins and Eash, Officer Klein read the four individuals their *Miranda* rights and all indicated they understood.

Officer Klein asked whether any of the four owned the office equipment in the back seat of the vehicle, and all replied that it was not theirs. Williams stated that they

had found the property along the side of U.S. 20 by Flags International. She further stated that they had stopped at the Marathon station to telephone the police and report what they had found. Footprints were seen in the snow from the area where the green vehicle had been parked to a nearby telephone booth and back. It had been snowing that night and approximately two inches of fresh snow was on the ground.

Trooper Eash went to the area of Flags International but found no evidence of anyone having been there or any equipment having been located there in the snow. He relayed these findings to Officer Klein who then asked to look inside Williams' car. Williams gave Officer Klein her permission.

Officer Klein noted that the equipment was dry and did not appear to have been sitting in the snow. He removed a black briefcase which was lying on top of the stack of equipment. When Officer Klein and his supervisor opened the briefcase, they found advertising pamphlets for Chapel Hill Memorial Gardens, a cemetery which is located across the road from Flags International.

Troopers Wilkins and Eash went to the cemetary and found evidence of a burglary and the removal of office equipment. This information was communicated to Officer Klein, who then arrested the four individuals, including Williams.

Williams was charged with assisting a criminal, a class D felony pursuant to Ind. Code 35–44–3–2 (Burns 1982 Supp.). She filed a motion to suppress the evidence against her alleging it was the result of an unconstitutional and illegal search and seizure. The trial court granted her motion with respect to all the evidence obtained during and following the search of the briefcase.

The State has brought this appeal, raising the issue of whether the trial court erred in granting Williams' motion to suppress and holding that the search of the closed briefcase found in Williams' automobile was an unconstitutional search and seizure.

Clearly, Williams claimed no interest in the briefcase on the night in question. Not only did all four individuals disclaim any ownership in the property, Williams went further by telling the police officers that they had in fact stopped at the gas station to telephone the police and report the property they had "found." How could the police have discovered who this "lost" property belonged to had they not opened it to look for identification?

This Court has previously established that a defendant must have a personal, proprietary, or possessory interest in the article searched and cannot assert the Fourth Amendment rights of another.

*Mendelvitz v. State* (1981), Ind.App., 416 N.E.2d 1270;

*Ross v. State* (1977), 172 Ind.App. 484, 360 N.E.2d 1015.

Williams had such an interest in her automobile but consented to its search. She had no such interest in the briefcase and therefore had no legitimate expectation of privacy in it.

The evidence was erroneously suppressed; hence the trial court is reversed.

Reversed.

STATON and GARRARD, JJ., concur.