Ronald Keith WHITEHEAD, Petitioner,

v.

William J. RICHARDSON, Sheriff, St. Joseph County, and The Honorable William C. Whitman, Judge, St. Joseph Superior Court, Respondents.

No. S 83–429.

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 16, 1984.

Brennan & Brennan, South Bend, Ind., for petitioner.

Larry L. Ambler, South Bend, Ind., Linley E. Pearson, Atty. Gen. of Indiana, David L. Steiner, Deputy Atty. Gen., Indi-

anapolis, Ind., Michael P. Barnes, Prosecutor, Jane Becker, Deputy Pros. Atty., South Bend, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the St. Joseph County Jail in South Bend, Indiana. Jurisdiction is predicated on a federal question under 28 U.S.C. §§ 1331, 2241. It is conceded that petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254(b); *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3. In accord with the dictates of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the complete state court record has been filed with, and carefully examined by, this court. Both sides having briefed their respective positions, this matter is now ripe for ruling.

Petitioner, who is represented by counsel in this application for federal habeas relief, is awaiting trial on a pending state murder charge filed February 24, 1981. On February 2, 1982, jury selection proceedings commenced in the Superior Court for St. Joseph County, Indiana. Voir dire was completed the following day, and on February 4, 1982, petitioner's jury trial began.

After the presiding judge had read his preliminary instructions to the jury, both sides had made their opening statements, and the State had called its first witness, the judge recessed for lunch. It was only then that the trial judge realized that he had forgotten to swear in the jury.

Following the luncheon recess, the trial judge informed the parties of his failure to swear in the jury before the presentation of evidence. Petitioner immediately moved for mistrial. The motion for mistrial was denied, subject to reconsideration following the judge's evaluation of the relevant law. The judge then resumed the bench and, over petitioner's objection, swore in the jury.

The trial continued for a brief period of cross- and re-direct examination of the State's first witness. Following another recess, the State informed the trial judge that it had no objection to petitioner's earlier motion for mistrial. The motion for mistrial was thereupon granted. Although petitioner reiterated his earlier objection to the belated swearing in of the jury, he did not object to the granting of the mistrial motion or to the order discharging the jury.[1]

The presiding judge disqualified himself and a special judge, Respondent Whitman,

---

1. The following is an excerpt of the trial judge's recapitulation, in open court, of what had earlier occurred in chambers:

    THE COURT: For the record—I'll put it all on the record.
    At approximately 1:30 p.m. today, it was called to my attention that the jury had not been sworn prior to presentation of evidence. I immediately contacted counsel, called them to my office, called that fact to their attention. The defense moved for mistrial, which was overruled, subject to reconsideration following evaluation of the law.
    We then proceeded and following that evaluation of the law, the state has now joined in the defense's motion for mistrial.
    MR. BARNES: Or at least we have no objection.
    THE COURT: Or at least has no objection to it.
    Accordingly, under those circumstances, the defendant's motion is granted.
    Gentlemen, have I misstated the record in any manner?

    Does the state have anything to correct in that record?
    MR. BARNES: No, sir.
    THE COURT: Has the defense anything to correct in the record?
    MR. D. BRENNAN: No, Judge. We would like the record to indicate, though, that after the motion the court did swear in the jury and proceeded taking—
    THE COURT: I think all of that occurred on the record.
    MR. D. BRENNAN: —with the taking of additional evidence.
    THE COURT: That has all occurred on the record.
    MR. D. BRENNAN: Judge, we do feel that it is fundamental error and would require a discharge. I think that there will be some filing at a later time regarding that.
    THE COURT: I think that would be best ruled upon by a successor judge and I will name a panel tomorrow.
    (R. 343–44).

was then selected. Petitioner filed a Motion for Discharge on February 25, 1982, arguing that any further prosecutorial action would constitute a violation of the Fifth Amendment's prohibition against double jeopardy. The special judge denied the motion following a hearing, and petitioner appealed.

On February 14, 1983, the Court of Appeals of Indiana unanimously held that the denial of the motion for discharge was proper and that a retrial of the petitioner would not constitute double jeopardy. *Whitehead v. State*, Ind.App., 444 N.E.2d 1253 (1983). A petition for rehearing was denied on April 3, 1983, and the Supreme Court of Indiana denied without opinion a petition for transfer on July 8, 1983. No new trial date has been set.

In his petition for writ of habeas corpus, filed on September 19, 1983, petitioner raises but a single issue: whether further prosecution on the same underlying charge would constitute double jeopardy.[2]

In their Response to Order to Show Cause filed November 22, 1983, respondents raise two arguments: first, that the petitioner waived any double jeopardy claim in the state courts by failing to object to the granting of a mistrial and to the jury's discharge; and, second, that the facts do not show any intentional wrongdoing on the part of either the trial court or the prosecution. To date, petitioner has filed no traverse to the return.[3] Because the waiver issue is dispositive of petitioner's claims, respondents' second argument will not be addressed.

■ Simply stated, the facts are that the petitioner did *not* object, either to the State's joining[4] in petitioner's earlier motion for mistrial or to the trial judge's granting thereof[5]; neither did petitioner object to the discharge of the jury. All that petitioner did was to note, in open court and on the record, his previous objection to the belated swearing in of the jury.

The Court of Appeals of Indiana found that petitioner waived his right to assert double jeopardy by failing to object to the mistrial or to the discharge of the jury. *Whitehead v. State, supra*, at 1254. The Court of Appeals of Indiana also observed that, under Indiana procedural rules:

A defendant waives his right to assert double jeopardy if he fails to object to the discharge of the jury. *Moyer v. State, supra*. [177 Ind.App. 461, 379 N.E.2d 1036] Whitehead concedes in his brief that no direct objection was made to the discharge of the jury. He contends that his objection may be implied. However, his only objection was to the swearing of the jury, not to its discharge. In order to preserve error, an objection

---

**2.** Although petitioner seems to raise four grounds in his application for federal habeas relief, the gravamen of the issues is that of double jeopardy.

**3.** 28 U.S.C. § 2248 specifically states that

The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

Even so, petitioner's failure to file a traverse is not fatal. *See* Advisory Committee Note to Rule 5, 28 fol. § 2254; and *Stewart v. Overholser*, 186 F.2d 339, 343 n. 5 (D.C.Cir.1950).

**4.** "Joined" was the term used by the trial judge; the State rephrased this as "we have no objection." (R. 343).

**5.** Petitioner contends that he was not afforded an opportunity to object to the granting of the mistrial, because the judge granted said motion

immediately after the State noted it had no objection to a mistrial being declared. This argument is without merit. Aside from the obvious fact that it was the petitioner, not the State, who moved for mistrial, petitioner never voiced any opposition to the mistrial order or to the jury's discharge. Petitioner had ample opportunity, prior to the jury's discharge, to voice any objections he may have had to the State's "joining" in petitioner's earlier motion for mistrial and to the trial judge's granting thereof. He made none.

Even assuming that the trial judge's order of mistrial constituted a surprising *fait accompli*, nothing prevented the petitioner from articulating, *ex post facto*, reasons why his previously asked-for mistrial should not have been granted. More to the point, petitioner could have made such specific objections to the jury's discharge; he did not do so.

must be specific and a basis for the objection not raised in the trial court cannot be raised on appeal. *Brown v. State,* (1981), Ind., 417 N.E.2d 333, 336. (*Id.,* at 1254–55, fn. 3).

■ Since petitioner was found to have waived his double jeopardy claim, consideration of the claim is narrowly circumscribed in this habeas corpus proceeding. The finding of the Court of Appeals of Indiana constitutes a State procedural waiver that bars federal habeas corpus review (even if the claim implicates the Constitution), absent a showing of cause by the petitioner for his failure to make a timely objection and actual prejudice. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). See also, generally, *United States ex rel Hudson v. Brierton,* 699 F.2d 917 (7th Cir.1983); *Ford v. Israel,* 701 F.2d 689 (7th Cir.1983); *United States ex rel Knights v. Wolff,* 713 F.2d 240 (7th Cir. 1983); *Sanders v. Israel,* 717 F.2d 422 (7th Cir.1983); *Farmer v. Prast,* 721 F.2d 602 (7th Cir.1983); *Williams v. Duckworth,* 724 F.2d 1439 (7th Cir. Jan. 5, 1984).

At the risk of being accused of perfunctorily addressing petitioner's arguments, the simple fact is that petitioner's failure to object to the granting of a mistrial and to the discharge of the jury acted as a waiver and constituted a procedural default that can only be overcome in a habeas proceeding by a clear showing of cause and prejudice. Petitioner has made no such showing in this record, preferring instead to raise arguments about such collateral issues as "manifest necessity".

Accordingly, and based on the above, the writ is DENIED, petition DISMISSED. SO ORDERED.