STANLEY MOOBERRY *v.* STATE OF INDIANA.

[No. 2-1072A74. Filed August 22, 1973.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *Malcolm K. McClintick,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, C.J.—The issue presented by this appeal is whether defendant-appellant Stanley Mooberry was twice put in jeopardy.

Mooberry was charged by separate affidavits with the crimes of rape and entering to commit a felony.

On May 26, 1969, a jury was impaneled and sworn. Thereafter, two of the jurors acknowledged an acquaintance with

the prosecuting witness. The trial court, upon its own motion, declared a mistrial. Defendant Mooberry then filed a motion objecting to the discharge of the two jurors, objecting to the declaration of a mistrial and moving for discharge of defendant on the grounds of double jeopardy. Such motion was overruled by the trial court.

On August 19, 1969, another jury was impaneled and sworn. Both causes were submitted for trial and evidence was heard and concluded. The jury returned its verdicts finding defendant Mooberry guilty of rape and guilty of entering to commit a felony. The belated motion to correct errors filed by Mooberry was overruled and this appeal followed.

On appeal, Mooberry contends that the trial court erred in overruling his motion for discharge on the grounds of double jeopardy.

The genesis of the concept of double jeopardy is found in the common law plea of *autrefois acquit*. See: 4 Blackstone's Commentaries, at 335. The Fifth Amendment of the Constitution of the United States expressly prohibits a defendant from being "twice put in jeopardy."[1] The double jeopardy provision of the Fifth Amendment is made applicable to the States through the Fourteenth Amendment. *Benton* v. *Maryland* (1969), 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707. The policy underlying the double jeopardy clause is "that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green* v. *United States* (1957), 355 U.S. 184, at 187-188, 78 S. Ct. 221, at 223, 2 L. Ed. 2d 199.

1. See also: Article 1, § 14 of the Constitution of Indiana which provides that "[n]o person shall be put in jeopardy twice for the same offense * * *."

We are here dealing with a situation where the first trial was to a jury, and wherein the trial court discontinued the first trial *sua sponte*.

The test to be applied to determine if retrial is foreclosed in cases such as the case at bar was laid down in *United States* v. *Perez* (1824), 9 Wheat. 579, at 580, 6 L. Ed. 165, as follows:

> "We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially. Courts should be extremely careful how they interfere with any of the chances of life, in favour of the prisoner. But, after all they have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the Judges, under their oaths of office."

The above test, while it is one of ancient vintage, has been applied many times over by the Supreme Court of the United States when faced with a double jeopardy situation. See: *United States* v. *Jorn* (1971), 400 U.S. 470, 91 S. Ct. 547, 27 L. Ed. 2d 543.

The rule of *Perez* has been said to not establish a rigid formula. *Wade* v. *Hunter* (1949), 336 U.S. 684, 69. S. Ct. 834, 93 L.Ed. 974. The discretion to discharge a jury before it has reached a verdict is to be exercised only in very extraordinary and striking circumstances. *Downum* v. *United States* (1963), 372 U.S. 734, 83 S. Ct. 1033, 10 L.Ed.2d 100. However, in cases where a trial court has *sua sponte* discontinued a trial, the Supreme Court of the United States has declined to scrutinize the

exercise of discretion with sharp surveillance. *Gori* v. *United States* (1961), 367 U.S. 364, 81 S. Ct. 1523, 6 L.Ed.2d 901.

The classic example of when a mistrial may be declared *sua sponte* and a retrial of the defendant may be had is when the mistrial is declared because the first jury is unable to agree. *United States* v. *Perez, supra; Downum* v. *United States, supra; Logan* v. *United States* (1892), 144 U.S. 263, 12 S. Ct. 617, 36 L.Ed. 429.

The Perez theme of a "manifest necessity" standard of appellate review has also been applied to permit a new trial after a jury was discharged where it came to be known by the trial judge that one juror had been a member of the grand jury indicting the defendant, *Thompson* v. *United States* (1894), 155 U.S. 271, 15 S. Ct. 73, 39 L.Ed. 146, and where a letter publisher in a newspaper rendered a juror's impartiality doubtful, *Simmons* v. *United States* (1891), 142 U.S. 148, 12 S. Ct. 171, 35 L.Ed. 968.

The instant case is controlled by the following language from *United States* v. *Jorn, supra,* at 485 of 400 U.S., at 557 of 91 S. Ct.:

> "Thus, where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error. In the absence of such a motion, the *Perez* doctrine of manifest necessity stands as a command to trial judges not to foreclose the defendant's option until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings. See United States v. Perez, 9 Wheat., at 580.
>
> "The conscious refusal of this Court to channel the exercise of that discretion according to rules based on categories of circumstances, see Wade v. Hunter, 336 U.S. at 691, 69 S. Ct., at 838, reflects the elusive nature of the problem presented by judicial action foreclosing the defendant from going to his jury. But that discretion must still be exercised; * * *." (Footnote omitted.)

Here, the necessity for the mistrial was manifest. The trial court declared the mistrial only after learning that two of the jurors knew the prosecutrix. Defendant was charged with two crimes: rape and entering to commit a felony, to-wit: rape. The prosecutrix was the victim of the rape. There is no abuse of discretion.

We add, parenthetically, that defendant here is not aided by the recent decision of this court in *Crim* v. *State* (1973), 156 Ind. App. 66, 294 N.E.2d 822, 36 Ind. Dec. 132. In *Crim*, the prosecutor and trial court insisted on proceeding to a jury trial of the defendant without his counsel present and over his repeated objections. To hold a trial under such circumstances is in clear contravention of the precedent laid down in *Fitzgerald* v. *State* (1970), 254 Ind. 39, 257 N.E.2d 305. Thus, it was held in *Crim*, in reliance upon *Downum* v. *United States, supra*, and *United States* v. *Jorn, supra*, that the prosecutorial error amounting to jeopardy by coercion which aborted the first trial prevented retrial of the defendant.

Moreover, the decision in *Gillespie* v. *State* (1906), 168 Ind. 298, 80 N.E. 829, does not support defendant's contention that he was twice put in jeopardy. Therein, the court held that the necessity for a mistrial was not manifest where a juror was found to be remotely related to the husband of one of the defendants.

Here, justice demanded the action taken by the trial court. Retrial was not foreclosed by the declaration of a mistrial.

The judgment of the trial court convicting Stanley Mooberry is affirmed.

Affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 300 N.E.2d 125.