JERRY ALAN CABELL *v.* STATE OF INDIANA.

[No. 177S20. Filed March 1, 1978.]

*Dennis Brinkmeyer, Rice & Vanstone,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *David T. O'Malia,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Jerry Cabell, was tried by a jury on a murder charge in July of 1976. After the jury retired to deliberate, the court was informed that the alternate

juror had participated in the deliberations. The court brought this matter to the attention of defendant and his attorneys. The defendant moved for the withdrawal of the submission of the cause from the jury. Although this motion is not necessarily the same as a motion for mistrial, it was treated as such by the court and by both parties. A date for a retrial was immediately set. In their briefs both parties treat this motion as a motion for mistrial.

The court granted the motion because the alternate juror participated in the deliberations.[1] The defendant was again tried by jury and convicted of second degree murder. He now appeals raising the following issues:

1. Whether the trial court erred in denying defendant's motion to dismiss the second trial on grounds of double jeopardy; and

2. Whether there was sufficient evidence to support the verdict.

## I.

The defendant correctly contends that the double jeopardy clause of the Fifth Amendment of the United States Constitution protects a defendant in a criminal proceeding against multiple prosecutions for the same offense. He alleges that the first trial in his case should have operated as a bar to a second prosecution for the same offense.

However, retrials are not always barred by the double jeopardy clause. The United States Supreme Court has held that there is a distinction between mistrials declared by the court *sua sponte* and mistrials granted at the defendant's request. A motion by the defendant for mistrial is ordinarily as-

---

1. A recent case from this Court has held that the alternate juror may be sent with the original twelve jurors to the jury room during their deliberation so long as the trial court properly instructs him that he is not to participate in the deliberation unless it becomes necessary for him to replace one of the original twelve jurors. Johnson v. State, (1977) 267 Ind. 256, 369 N.E.2d 623.

sumed to remove any barrier to reprosecution. *United States* v. *Jorn,* (1971) 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543. The Supreme Court has continued to uphold this view in *United States* v. *Dinitz,* (1976) 424 U.S. 600, 47 L.Ed.2d 267, 96 S.Ct. 1075, where a retrial was upheld after one of the defendant's attorneys had been excluded from the first trial. The defendant made an unopposed motion for the mistrial, and the Supreme Court held that the second trial did not violate the double jeopardy clause. The Court said:

> "The important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed . . . ."

424 U.S. at 609, 47 L.Ed.2d at 275. Indiana has followed the Supreme Court cases. *Mooberry* v. *State,* (1973) 157 Ind. App. 354, 300 N.E.2d 125.

In the instant case the defendant himself requested the mistrial, so the double jeopardy clause does not bar his retrial.

## II.

Defendant also contends that there was insufficient evidence to prove the necessary elements of intent and malice. The testimony from the record reveals that police officers had been called to the apartment of Fannie Ross in Evansville. Both the defendant and the deceased, Harold Dorsey, were there. Dorsey threatened the defendant in the presence of the police and was told to leave the apartment. Dorsey had with him a long walking stick and karate sticks called "nunchaka."

After Dorsey left the apartment, the police believed the argument was over and also left. A few minutes later the defendant came out of the apartment and saw that Dorsey was still on the street in front of the apartment. The defendant ran back up to Fannie Ross's apartment and grabbed a gun. He then ran back down to the street and shot Dorsey. There was conflicting testimony as to whether Dorsey tried to strike the defendant first with the karate sticks.

It is well established by this Court that in reviewing a verdict for sufficiency of the evidence, we will not resolve questions of credibility or weigh the evidence. Rather we are constrained to consider the evidence which is most favorable to the state, together with all reasonable inferences to be drawn therefrom. When there is substantial evidence of probative value on each element of the crime charged, the conviction will not be set aside. *Daniels* v. *State,* (1976) 264 Ind. 490, 346 N.E.2d 566; *Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E.2d 776.

A conviction for second degree murder requires proof beyond a reasonable doubt of the purposeful and malicious killing of another human being. In this case, there was testimony that the defendant said to Dorsey, "I'll put you in your grave," both at the apartment and immediately prior to the shooting. There was evidence that the defendant stepped over the body and kept firing after Dorsey had fallen.

Malice and purpose may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death or great bodily harm. *Horton* v. *State,* (1976) 265 Ind. 393, 354 N.E.2d 242; *Aubrey* v. *State,* (1974) 261 Ind. 531, 307 N.E.2d 67. Even though Dorsey had threatened the defendant, there was sufficient evidence including the threats the defendant himself made, his conduct in running back up to the apartment to get a gun, and his repeated firing of the weapon after Dorsey had fallen, from which the jury could find the necessary malice and purpose.

For all the foregoing reasons the trial court did not commit error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., Prentice and Pivarnik, JJ., concur; DeBruler, J., concurs in result.

Note.—Reported at 372 N.E.2d 1176.