HOMER REED *v.* STATE OF INDIANA.

[No. 1176S385. Filed August 30, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *David P. Freund, Bobby Jay Small, Robert W. Hammerle,* Deputy Public Defenders, *Paul H. Ellison,* Research Assistant, for appellant.

*Theodore L. Sendak,* Attorney General, *Terry G. Duga,* Deputy Attorney General, for appellee.

PRENTICE, J.—Following a trial by jury, the defendant (appellant) was convicted of Kidnapping, Ind. Code § 35-1-55-1 (Burns 1975), for which he was sentenced to life imprisonment; Attempted Commission of a Felony While Armed (Attempted Armed Felony), Ind. Code § 35-12-1-1 (Burns 1975), for which he was sentenced to thirty years imprisonment; and Infliction of Physical Injury During the Commission of an Attempted Robbery (Inflicting Injury), Ind. Code § 35-13-4-6 (Burns 1975), for which he was sentenced to life imprisonment.

This direct appeal presents the following issues:

(1) Whether the evidence was sufficient to sustain the verdict upon the kidnapping charge.

(2) Whether there had been valid waivers of the defendant's rights to have a mistrial declared.

(3) Whether judgments could be entered upon all three verdicts.

On the evening of February 11, 1976, two masked men entered an Evansville grocery known as "Simpson's Food Fair" and located at 1365 Covert Avenue. One had a woman's nylon stocking over his head as a mask, and the other had on a ski-mask. Both men were armed. The man wearing

the ski-mask approached a counter where the store manager was working. He threw a grocery sack at the manager and told him to fill it with money. The manager fell to the floor, activated an alarm system and called for the security guard. As the guard came running forward, he was shot and wounded, either by the defendant or by his confederate.

An employee, Lillian Ayres, was working in the produce section of the store when she heard three shots and saw the man wearing a ski-mask. He approached her and told her to come along with him. She turned and started to walk away, but at that moment felt a gun pushed against her back. The man with the ski-mask held her left arm and compelled her to walk with him out of the store. When they exited from the rear of the store building onto the establishment's parking lot, she was released and her abductor fled.

## ISSUE I

An acquaintance of the defendant testified that on the date of the attempted robbery, he saw the defendant in possession of a gun, that he saw the defendant and another person, after the attempted robbery, and that the two admitted to him that they had gone to the grocery to rob it and that they thought they had shot a man.

The defendant's challenge to the sufficiency of the evidence relates to a variance between the allegations of the indictment and the proof adduced at trial upon the kidnapping charge. The indictment alleged, "Homer Reed * * * did * * * forcibly carry away * * * Lillian Ayres from a place in Indiana, to-wit: Simpson's Food Fair at 1365 Covert Avenue * * * ." Whereas, the evidence submitted was not that the defendant took the prosecutrix from such premises but only that he took her from within the building to the parking lot outside the building, both constituting the premises described as "Simpson's Food Fair at 1365 Covert Avenue."

Defendant acknowledges that violation of the kidnapping

statute does not require an asportation of any particular distance. *Johnson* v. *State,* (1974) 262 Ind. 516, 319 N.E.2d 126.

We are of the opinion that the kidnapping charge was not well pleaded, in that the usual interpretation of the language thereof would lead one to believe that the victim had been removed from the premises described rather than merely from one place to another within or upon such premises; and the defendant might thereby be handicapped in preparing his defense. However, there is nothing to indicate that the defendant was, in fact, so misled or disadvantaged nor any claim thereof. In *Robbins* v. *State,* (1968) 251 Ind. 313, 241 N.E.2d 148, we held that inasmuch as there had been no showing that the defendant had been misled or prejudiced in preparing or maintaining his defense, the variance was not fatal and therefore not grounds for reversal. In that case, the allegation was that the defendant carried away and kidnapped the prosecutrix "from * * * the 2500 block of North Sharon Avenue * * *"; and the proof was that the asportation occurred while the prosecutrix was en route to such block but before she had arrived there.

Under the rule of *Johnson* v. *State, supra,* the evidence was sufficient to sustain a finding that the defendant kidnapped the prosecutrix at the place specified in the indictment and, notwithstanding the variance, will stand against a sufficiency challenge.

## ISSUE II

On three occasions during the trial, incidences occurred which gave rise to motions from the defendant's counsel for the declaration of a mistrial. On each occasion, however, the defendant, personally, insisted upon proceeding and expressly waived his right to have the submissions withdrawn. On each such occasion, the defendant's waiver was against the

advice of his counsel, and the record affirmatively discloses that upon the first two occasions, the defendant was expressly advised that such waivers would preclude the presentment of the issue upon appeal. Defendant now seeks to present these issues, notwithstanding his waivers, upon the following three bases: (a) a defendant may not be allowed to waive a mistrial order once the judge has made the determination that the jury is not impartial; (b) alternatively, the record does not reflect that the defendant intentionally relinquished a known right and that his actions, therefore, were not operative as waivers; and (c) his waivers were inoperative, because against the advice of his counsel.

Defendant has cited no authority for the claim that the right to a mistrial order may not be waived, and the authority is to the contrary. *Harrington* v. *State,* (1881) 76 Ind. 112. In that case, following an indiscretion by one of the jurors, the court offered to withdraw the submission, if both the defendant and the State would consent. Defense counsel informed the court that they were consenting to nothing and were ready to proceed with the trial. We there said: "This meant, of course, that she was ready to go on with the trial before that jury. This was a clear waiver of any objection to what had occurred. She could not, after having thus consented to go with the trial before that jury, knowing what had occurred, take her chances of an acquittal, and then, on being convicted, raise any question which she thus waived. * * * Having refused her consent to the discharge of the jury, and having consented to go on with the trial, she can not now be heard to make any objection which she thus waived."

A defendant's entitlement to have a mistrial declared is not a right that can be assessed in isolation, as he also has other interests that may conflict with such action, such as a right to a speedy trial or not to be subjected to double jeopardy. Absent "manifest neces-

sity," *United States* v. *Jorn* (1971) 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543; *United States* v. *Perez,* (1824) 9 Wheat 579, 22 U.S. 579, 6 L.Ed. 165; *Mooberry* v. *State,* (1973) 157 Ind. App. 354, 300 N.E.2d 126, or "imperious necessity," *McCorkle* v. *State,* (1859) 14 Ind. 39, it is required that a defendant be permitted to resolve the conflict on the assumption that he is entitled and best equipped to judge his own interest.

Defendant's claim that his waivers were inoperative as not intentionally and knowingly made injects an issue different from the one supported by the facts. Throughout his argument upon this issue, he alludes to the "waiver of a fair and impartial trial." His position is that the judge's indications that a mistrial would be declared, by reason of the irregularities occasioned, are conclusive upon the question of whether or not the defendant could have a fair trial before that jury. Such is not the case. There is nothing in the record from which it appears that the jury would not or could not render an impartial and unbiased verdict. In fact, the record of the various voir dire interrogations of the jurors indicates the contrary. The circumstances upon which the trial judge was acting were such as could jeopardize the defendant's right to a fair trial. Whether or not they, in fact, would was a matter of judgment—one upon which the defendant differed with his counsel. Under the circumstances of this case, the judge could not have thrust a mistrial upon the defendant, against his will, without having trampled upon his rights to a prompt trial and a single jeopardy.

The thrust of the defendant's third argument upon this issue is that, by going against his counsel's judgment, he was waiving the assistance of counsel, which he could not do without a clear and unequivocal expression thereof. *See, Faretta* v. *California,* (1975) 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562; *Anderson* v. *State,* (1977) 267 Ind. 289, 370 N.E.2d 318.

*Faretta, supra,* involved the complete waiver of counsel by a defendant who wished to assert his right to represent himself unimpeded by an attorney. It is obvious, however, that the defendant here was at no time without representation. His counsel was present at all relevant times, advising the defendant according to his best judgment. *Faretta, supra,* does not stand for the proposition that going against the advice of counsel amounts to a waiver of the right to counsel.

## ISSUE III

Defendant urges that both the kidnapping offense and the attempted armed felony offense merged into the inflicting injury charge. However, we see no impediment to the entry of judgment upon both the kidnapping verdict and the inflicting injury verdict. "It is only when two offenses require proof of the same fact or act that double jeopardy considerations bar a prosecution for both. Here, the asportation was not a necessary element of the robbery. Additionally, it appears that the robbery had, in fact, been completed when the defendant ordered the victim to drive away for an altogether different purpose." *Neal* v. *State,* (1977) 266 Ind. 665, 366 N.E.2d 650, 651. *Also see, Coleman* v. *State,* (1975) 264 Ind. 64, 339 N.E.2d 51. In the case before us, the asportation was not an element of the offense of "inflicting injury." In fact, it appears that the injury had been inflicted in the course of the attempted robbery which had been foiled before the defendant took the kidnapping victim hostage in an attempt to escape from the scene of the crimes.

We agree with the defendant, however, that the judgments may not stand upon both the verdict of "attempted armed felony" and the verdict of "inflicting injury." As was stated in *Thomas* v. *State,* (1976) 264 Ind. 581, 348 N.E.2d 4: "We agree with appellant that it would not be possible to injure someone with a dangerous weapon while attempting to com-

mit a robbery, without attempting to commit a robbery while armed with a dangerous weapon."

Under the facts of this case, the "attempted armed felony" was a lesser included offense of the "inflicting injury" offense, and judgments may not stand upon both verdicts.

The judgment and sentence upon the charge of commission of a felony (robbery) while armed is, therefore, ordered vacated. The cause is remanded to the trial court for that purpose, and in all other respects, the judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ. concur.

NOTE.—Reported at 379 N.E.2d 977.