**Jerry Alan CABELL, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1279S357.

Supreme Court of Indiana.

Oct. 21, 1981.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Second Degree Murder and was sentenced to an indeterminate term of not less than fifteen (15) or more than twenty-five (25) years imprisonment. His conviction was affirmed by this Court in *Cabell v. State,* (1978) Ind., 372 N.E.2d 1176.

Appellant filed a Petition for Post-Conviction Relief which was denied. This is an appeal from that decision. When this appeal first arrived in this Court, we remanded it to the trial court with instructions to make specific findings of fact and conclusions of law in accordance with PC 1, Sec. 6. *See, Cabell v. State,* (1980) Ind., 414 N.E.2d 293. After the trial court filed its findings of fact and conclusions of law, appellant filed a Motion to Correct Errors which was denied.

Appellant now claims the trial court erred in denying his Petition for Post-Conviction Relief claiming that his sentence for Second Degree Murder should be set aside and he should now be sentenced for Voluntary Manslaughter. The trial judge cor-

rectly found that at the original trial there was sufficient evidence from which the jury could rule out the mitigating circumstances necessary to reduce the charge from Second Degree Murder to Voluntary Manslaughter.

An examination of the opinion of this Court rendered in appellant's direct appeal from his original conviction discloses this question was decided by this Court at that time. Justice Hunter speaking for the Court correctly observed the requirements necessary to support the charge of Second Degree Murder and specifically held:

> "Even though Dorsey (the victim) had threatened the defendant, there was sufficient evidence including the threats the defendant himself made, his conduct in running back up to the apartment to get a gun, and his repeated firing of the weapon after Dorsey had fallen, from which the jury could find the necessary malice and purpose."

The trial court did not commit error in denying appellant's Petition for Post-Conviction Relief.

The trial court is affirmed.

All Justices concur.