Harold W. PHILLIPPE,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–983A287.

Court of Appeals of Indiana,
First District.

Jan. 16, 1984.

Rehearing Denied Feb. 22, 1984.

David A. Deem, Hart, Bell, Deem, Ewing & Stuckey, Vincennes, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Harold W. Phillippe (Phillippe) perfected his interlocutory appeal challenging his re-prosecution in the Knox Superior Court for child molesting under IND.CODE 35–42–4–3(c) on the grounds of double jeopardy.

We affirm.

## STATEMENT OF THE FACTS

On July 11, 1980, Phillippe was charged by information with having "perform[ed] intercourse with D——, a child who was then under the age of 12 years, with intent to arouse and satisfy the sexual desire" of himself. The charge was filed under IND. CODE 35–42–4–3(b) which provides that "a person who with a child under 12 years of age, performs or submits to any fondling or touching, of either the child or the older person with the intent to arouse or satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony ...". Phillippe filed no motions challenging the information but entered his plea of not guilty on July 23, 1980. For reasons not disclosed in the record the trial was not set or commenced until April 19, 1983, on which date the jury was empaneled and sworn. On April 20, before any evidence was introduced, the Prosecuting Attorney filed a motion to amend the information to charge that Phillippe "performed sexual intercourse" with a child who was then over the age of 12 years, and under the age of 16 years. At the time of the commission of the sexual intercourse, Harold W. Phillippe was a person 16 years or older. The proposed amendment was filed under IND.CODE 35–42–4–3(c) which provided that "a person 16 years of age or older who, with a child

12 years of age or older but under 16 years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molestation, a Class C felony ...". The trial court denied the motion to amend on the basis of IND.CODE 35–3.1–1–5(e), which essentially provides that an information may not be amended after a plea of not guilty is entered because this would change the substance or theory of the action. Thereupon, the state dismissed the original information and filed a new one identical to the tendered amended information. Phillippe challenged such action at the trial level and in this interlocutory appeal, on the grounds of double jeopardy.

## ISSUE

The sole issue is whether Phillippe's rights under the double jeopardy provisions of the 5th Amendment to the United States Constitution; Article 1, Sec. 14 of the Indiana Constitution; and IND.CODE 35–41–4–3 were violated. The State defends its position solely on the basis of the doctrine of manifest necessity.

## DISCUSSION AND DECISION

Generally, in a jury trial jeopardy attaches when the jury is empaneled and sworn. IND.CODE 35–41–4–3; *Crim v. State*, (1973) 156 Ind.App. 66, 294 N.E.2d 822; *Gillespie v. State*, (1907) 168 Ind. 298, 80 N.E. 829. As a rule when a criminal prosecution is dismissed over the defendant's objection after jeopardy attaches, the defendant may not be retried for that particular offense. *Maddox v. State*, (1951) 230 Ind. 92, 102 N.E.2d 225.

The Indiana Code has codified double jeopardy cases under the 5th Amendment to the United States Constitution and Article I, Sec. 14 of the Indiana Constitution to some extent. IND.CODE 35–41–4–3 is the legislative recognition of the constitutional prohibition. *State v. Burke*, (1983) Ind. App., 443 N.E.2d 859. That section provides:

"Prosecution barred for same offense.—
(a) A prosecution is barred if there was a

former prosecution of the defendant based on the same facts and for commission of the same offense and if:

(1) The former prosecution resulted in an acquittal or a conviction of the defendant (A conviction of an included offense constitutes an acquittal of the greater offense, even if the conviction is subsequently set aside.); or

(2) The former prosecution was terminated after the jury was impaneled and sworn or, in a trial by the court without a jury, after the first witness was sworn, unless (i) the defendant consented to the termination or waived, by motion to dismiss or otherwise, his right to object to the termination, (ii) it was physically impossible to proceed with the trial in conformity with law, (iii) *there was a legal defect in the proceedings that would make any judgment entered upon a verdict reversible as a matter of law,* (iv) prejudicial conduct, in or outside the courtroom, made it impossible to proceed with the trial without injustice to either the defendant or the state, (v) the jury was unable to agree on a verdict, or (vi) false statements of a juror on voir dire prevented a fair trial.

(b) If the prosecuting authority brought about any of the circumstances in subdivision (a)(2)(i) through (a)(2)(vi) of this section, with intent to cause termination of the trial, another prosecution is barred. (I.C. 35–41–4–3, as added by Acts 1976, P.L. 148, Sec. 1, p. 718; 1977, P.L. 340, Sec. 18, p. 1533)" [Emphasis added]

The United States Supreme Court has decided a number of cases relating to double jeopardy in the past decade. In *United States v. Jorn,* (1971) 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543; the Supreme Court reviewed various authorities on, and policies underlying, the concept of double jeopardy. Succinctly put, the court ruled that the state, with all of its legal tools and resources, will not be permitted to subject a criminal defendant to undue embarrassment, expense, and ordeal by repeatedly attempting to convict him of an alleged offense. However, the court continued, in light of the complicated nature of trial work, a mechanical rule prohibiting retrial whenever circumstances compel the discharge of a jury without the defendant's consent would be too high of a price to pay for the defendant's added assurance of personal security and freedom from governmental harassment which such a mechanical rule would provide. In some circumstances, defendant's rights must be subordinated to the public's interest in fair trials designed to end in just judgments. The double jeopardy clause does not guarantee a defendant that the government will be prepared, in all circumstances, to vindicate the social interest in law enforcement through the vehicle of a single proceeding. The Supreme Court refused to formulate rules based upon categories of circumstances; the decision to declare a mistrial or dismissal in a particular case is one addressed to the sound discretion of the trial court.

■■ On appeal the decision of the trial court will be reversed only for an abuse of discretion, using "manifest necessity" for the jury's discharge as the underlying test. However, an explicit finding of manifest necessity is not required so long as the record provides sufficient justification for the trial judge's ruling on a mistrial. *Arizona v. Washington,* (1978) 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717.

*Illinois v. Somerville,* (1973) 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 is a case very similar to the case at bar. There, the defendant was indicted for theft, and placed on trial before a jury. After the jury was sworn, but before any evidence was presented, the prosecuting attorney discovered that the indictment was fatally defective because it did not allege the defendant intended to permanently deprive the owner of his property. Under Illinois law, only formal defects could be cured by amendment. Since this defect was jurisdictional, it could not be cured or waived, and could be asserted on appeal or in a request for postconviction relief. Upon the State's motion, the trial court granted a mistrial.

The defendant was reindicted with a proper indictment, and raised the defense of former jeopardy. That defense was overruled and he was tried and convicted. The United States Supreme Court, quoting from *United States v. Perez*, (1824) 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165, the fountainhead case on the doctrine of "manifest necessity", said:

> "We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially. Courts should be extremely careful how they interfere with any of the chances of life, in favor of the prisoner. But, after all they have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the Judges, under their oaths of office."

410 U.S. at 461, 93 S.Ct. at 1069.

Consistent with *Jorn, supra*, the court in *Somerville* stated the trial judge has large discretion in terminating a case under the manifest necessity doctrine in order to meet the ends of substantial justice. Upon appellate review, his actions will be scrutinized to determine whether the declaration of a mistrial was dictated by manifest necessity or the ends of justice. The interest of the public in seeing that a criminal prosecution proceeds to verdict, either of acquittal or conviction, need not be forsaken by the formulation or application of rigid rules that necessarily preclude the vindication of that interest.

The court noted instances where the application of the manifest necessity doctrine did not bar retrial, such as a hung jury; a juror being acquainted with the defendant; a juror who was a member of the indicting grand jury, and retrial after reversal. Affirming the trial court and denying Somerville's claim of double jeopardy, the court concluded Somerville's assertion that retrial was precluded because the original trial was aborted on account of a defective indictment was precisely the type of mechanical rule that the court would not follow.

A similar result was reached in *Lee v. United States*, (1977) 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80. In the first trial, as in *Somerville*, the indictment failed to charge the knowing and intentional commission of the theft, and the trial court granted the defendant's motion to dismiss after the trial had commenced. The Supreme Court affirmed a retrial and subsequent conviction on the basis of manifest necessity, stating under that doctrine the double jeopardy clause was not applied mechanically. The court observed that dismissal of the first trial was not predicated upon any judgment that the defendant could not be prosecuted and convicted. The only obstacle was that the information had been improperly drawn which error could be avoided by beginning anew. The court further stated that when considering the concepts of double jeopardy and manifest necessity, there was no significant difference between dismissal and mistrial. In effect, this case could be said to be distinguishable because the defendant filed a motion to dismiss, which usually is said to remove any objection to reprosecution based on waiver. Nevertheless, the language and policies are the same.

■ A distinction is drawn between retrial after dismissal or mistrial, and retrial after acquittal; whether rendered by a jury, directed by the court, or reversed on the basis of insufficiency of the evidence. In the last instance, acquittal is an absolute shield protecting the defendant from a retrial, even if the acquittal is on a defective

charging instrument. *Tibbs v. Florida*, (1982) 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652; *United States v. Ball*, (1896) 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300; *Hudson v. Louisana*, (1981) 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30. However, retrial is not barred after reversal based on a judgment on the evidence which was improperly granted. *State v. Lewis*, (1981) Ind., 429 N.E.2d 1110. Retrial is likewise not permitted when the error was motivated by the bad faith of the State or the court, or undertaken to harass or prejudice the defendant. *Lee, supra; Jorn, supra.*

The manifest necessity doctrine exists in Indiana. In *Crim v. State*, (1973) 156 Ind. App. 66, 294 N.E.2d 822, 829, the court said:

> The non-application of double jeopardy is generally considered under three labels, i.e., 'waiver', 'consent', and 'manifest necessity'. Under the Indiana and Federal cases there are a number of basic fact situations excusing the application of the jeopardy clauses which are considered under one or more of the above labels. These include hung jury cases, cases where a juror has died or become incapacitated during a trial, and cases where a conviction is reversed on appeal and a new trial is ordered. *Harlan v. State*, 190 Ind. 322, 130 N.E. 413 (1921); *Eskridge v. State* [258], Ind. [363], 281 N.E.2d 490 (1972); and *Gillespie v. State, supra*. See also *United States v. Perez*, 9 Wheat. (22 U.S.) 579, 6 L.Ed. 165 (1824); *Simmons v. United States*, 142 U.S. 148, 12 S.Ct. 171, 35 L.Ed. 968 (1891); *Thompson v. United States*, 155 U.S. 271, 15 S.Ct. 73, 39 L.Ed. 146 (1894). There is another group of cases which fly under the flag of 'technical defect' where second trial is permitted after the first one aborts because of a technical defect in the first effort. *State of Illinois v. Somerville* [410], U.S. [458], 93 S.Ct. 1066, 35 L.Ed.2d 425 (1972). The demarkation and limitation of this group of cases is well illustrated in *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); and *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971).

> \* \* \* \* \* \*

> In this case the first trial aborted simply because the prosecutor and trial judge insisted that the Appellant proceed in a jury trial in a felony case without counsel and to proceed into critical states of such a trial, namely, selection of the jury and opening statements. This, in effect, amounted to jeopardy by coercion.

> This case therefore falls outside of the technical operation of a state procedural rule as set out in *Somerville ...*"

In *Mooberry v. State*, (1973) 157 Ind. App. 354, 300 N.E.2d 125, a rape case, the record disclosed that after the jury was sworn in, two jurors belatedly informed the court that they were acquainted with the prosecuting witness. The trial court *sua sponte* declared a mistrial. Applying the manifest necessity doctrine, the Court of Appeals denied defendant's discharge on the basis of double jeopardy. In *Wilson v. State*, (1976) 169 Ind.App. 297, 348 N.E.2d 90, it appeared that after voir dire had commenced, defense counsel suggested to the court that a question existed as to the defendant's competency to stand trial. The court, after ordering defendant examined by physicians, ordered the trial to proceed. The jury was sworn and evidence presented. However, before the verdict was reached, the physicians presented their report which concluded the defendant was incompetent. Thereupon, the court, *sua sponte* declared a mistrial, rejecting a double jeopardy defense asserted at a retrial. The court, following *Mooberry* and the Supreme Court of United States' interpretation of the double jeopardy clause, held that a subsequent prosecution would not be precluded where a manifest necessity existed for the action, or the ends of justice would be otherwise defeated.

■ Our Supreme Court in *Cabell v. State*, (1978) 267 Ind. 664, 372 N.E.2d 1176, observed that retrials are not always barred by the double jeopardy clause, specifically noting *United States v. Jorn, supra; United States v. Dinitz*, (1976) 424

U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267; and *Mooberry v. State, supra. See also Whitehead v. State,* (1983) Ind.App. 444 N.E.2d 1253 which mentions the manifest necessity rule. We conclude that the decisions of the courts in Indiana are co-extensive with, and not more restrictive in their interpretation of, the double jeopardy clause than the United States Supreme Court.

■ Here, after the jury was sworn the prosecuting attorney apparently discovered that the child was over 12 years, not under, at the time of the alleged offense, thereby making the original charge invalid. Insomuch as the Indiana legislature and courts have adopted the manifest necessity rule pronounced by the Supreme Court, *Somerville v. Illinois, supra,* governs, and the trial court did not abuse its discretion in overruling Phillippe's double jeopardy defense. As noted in *Lee v. United States, supra,* there is no material distinction between a dismissal and mistrial for these purposes. We see no rational distinction between an information which is defective for failing to allege intentional conduct, and an information which is defective because it charges the wrong offense based on a mistake as to a child's age. Undoubtedly, both errors were the result of negligence on the part of the prosecuting attorney. However, it is clear that the policy underlying this problem, as enunciated by the Supreme Court of the United States, is that in the interest of criminal justice, persons are not to be discharged for trivial non-prejudicial mistakes.

For the above reasons this cause is affirmed.

Judgment affirmed.

ROBERTSON and RATLIFF, JJ., concur.