**George MANNS, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

No. 4–383A81.

Court of Appeals of Indiana,
Fourth District.

Feb. 14, 1984.

Howard S. Grimm, Jr., Fort Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Presiding Judge.

George Manns (Manns) appeals a Kosciusko Superior Court jury conviction for theft.

We affirm.

ISSUE

The essence of Manns's three allegations of error may be stated as follows: Does the double jeopardy doctrine bar Manns's second trial for theft? [1]

FACTS

Manns's first trial resulted in the following jury verdict: "We, the jury, find the defendant, George Manns, guilty of having in his possession stolen property." The trial court accepted this verdict and discharged the jury. After the jury separated, the court and the parties questioned the propriety of this form of verdict because it fails to include all the elements necessary for a theft conviction, i.e. *mens rea.* Twenty-nine days after the jury returned its verdict, the trial court *sua sponte* entered a mistrial. Manns was retried and found guilty as charged. He now challenges the court's discharge of the jury under these circumstances, declaration of the mistrial, and ordering of a retrial.

■■■ We observe at the outset Manns correctly argues the trial court erred when it discharged the jury. Mere possession of stolen property is not a crime, absent some element of knowledge or intent. IND. CODE 35-43-4-2. Hence, the jury's self-styled verdict was returned in defective form. Our courts have said when a trial court receives a defective verdict form from a jury, the trial court should send the jury back for more deliberations to correct the defect. *West v. State,* (1950) 228 Ind. 431, 437-38, 92 N.E.2d 852, 855. Specifically, our supreme court said, "It is a duty of the trial judge to see that the verdict is in proper form and covers all the issues before discharging the jury. (Citations omit-

ted.) If the verdict is defective in substance it is a duty of the trial judge to have it amended by the jury before it is allowed to separate." *Id.* The trial court clearly erred in discharging the jury under these circumstances. The question remains, however, whether the trial court could order a retrial or whether it was obligated to discharge Manns.

As our First District recently said, "... the decision to declare a mistrial or dismissal in a particular case is one addressed to the sound discretion of the trial court." *Phillippe v. State,* 458 N.E.2d 1159, 1161 (1984) Ind.App. We cannot say the trial court abused its discretion in ordering a retrial here because Manns has waived his double jeopardy claim for the reasons stated below.

Our Third District, speaking through Judge Staton, has aptly summarized this court's analysis of double jeopardy questions:

Both the Fifth Amendment to the United States Constitution and article one, section fourteen of the Indiana Constitution provide that a person shall not be placed in jeopardy twice for the same offense. This protection will not prevent further prosecution if a defendant waives his right to raise double jeopardy claims or consents to the termination of proceedings after jeopardy has attached or if the termination is required by "manifest necessity," *Crim v. State* (1973), 156 Ind.App. 66, 294 N.E.2d 822, 829; *see* IC 1976, 35-41-4-3(a)(2) (Burns Code Ed., 1979 Repl.), such as a jury which cannot reach a decision. *Oregon v. Kennedy* (1982), 456 U.S. 667, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416. A defendant waives his right to raise double jeopardy by failing to make a timely objection to the discharge of the jury. *Moyer v. State* (1978), 177 Ind.App. 461, 379 N.E.2d

1. Manns argues the trial court, in reality, entered judgment on the evidence for Manns, *cf.* Ind.Rules of Procedure, Trial Rule 50(B), because the evidence was insufficient to support a conviction. However, the trial court's statements relate solely to the sufficiency of the

verdict form, not the evidence. Thus, Manns's T.R. 50(B) argument is inapplicable to the issue before us on appeal, namely, whether a defendant is twice placed in jeopardy where the jury tenders an inappropriate form of verdict at the conclusion of defendant's first trial.

1036. If he moves for or consents to a mistrial, he also forfeits his right to raise double jeopardy in further proceedings, *Cabell v. State* (1978), 267 Ind. 664, 372 N.E.2d 1176, 1177, unless the motion was necessitated by governmental conduct "intended to provoke the defendant into moving for a mistrial." *Oregon v. Kennedy, supra,* 102 S.Ct. at p. 2091.

*Whitehead v. State,* (1983) Ind.App., 444 N.E.2d 1253, 1254. *See also, Corley v. State,* (1983) Ind., 455 N.E.2d 945, 950. Manns has waived his right to raise double jeopardy here because he failed to make a timely objection to the discharge of the jury.

The following portion of the transcript shows trial counsel's response to the jury's verdict:

Jury, have you reached a verdict in this case?

MR. D.L. WHITEHEAD, FOREMAN: We have, Your Honor.

THE COURT: If the Foreman would please deliver the verdict to the Bailiff and the Bailiff present same to the Court at this time.

The Court will now read the verdict of the Jury. "We, the Jury, find the defendant, George Manns, guilty of having in his possession stolen property."

Ladies and Gentlemen of the Jury, is this your verdict? If anyone who (sic) does not concur in this verdict, would you please raise your right hand. (No one raises their hand.)

The Court having ascertained that the verdict delivered to and received by the Court is a true verdict of this Jury the same will be so placed of record with the Court.

Ladies and Gentlemen of the Jury, your responsibilities in this case have been concluded. (The Court goes on to thank the Jury and the Jury is then dismissed and leaves the Courtroom.)

MR. READING: [Manns's counsel] I have a motion to make, Judge, if I might.

THE COURT: For purposes of the record I would request that defense counsel and the Prosecutor join the Court in chambers. (Recess is taken.)

THE COURT: For the purposes of the record and in view of the verdict as delivered by the Jury, further proceedings in this cause will be continued to afford the State of Indiana in the person of Michael L. Miner, Prosecuting Attorney and Mr. R. Douglas Reading for and on behalf of the Defendant George Manns adequate opportunity to research and brief the propositions of law applicable to the return of a verdict in this form. With the additional option, of course, to the Court to conduct independent study.

Hence, trial counsel waited until after the jury had been discharged and had left the courtroom before he raised any question as to the appropriateness of the verdict. To preserve the issue he must have acted prior to the jury's discharge and separation. His failure to do so waived the double jeopardy issue.

Affirmed.

MILLER and YOUNG, JJ., concur.