**Archie B. WOODS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 485S153.**

Supreme Court of Indiana.

Oct. 23, 1985.

Rehearing Denied Dec. 4, 1985.

**4**

Patrick M. Schrems, Monroe County Deputy Public Defender, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

In a trial by jury appellant was found guilty of Rape and Criminal Deviate Conduct, both Class A felonies. He was sentenced by the court to concurrent forty (40) year terms of imprisonment.

The record reveals that sometime between noon and 2:00 p.m. on August 27, 1983, R.E. entered the laundry room of her apartment complex in Bloomington, Indiana. Appellant, the only other person present in the room, briefly engaged her in conversation. While R.E. was attending to her laundry, appellant approached her from behind and put a knife to her neck.

Continuing to hold the knife to R.E.'s neck, appellant forced her into an adjoining bathroom and locked the door. Appellant first compelled R.E. to perform fellatio, then raped her. Before leaving, he threatened to kill R.E. if she told anyone of the attack.

Shortly thereafter R.E. gave a description of her assailant to Detective Barbara Webb of the Bloomington Police Department. Approximately ten days later R.E. identified appellant from a photographic array. As a result of R.E.'s identification, an arrest warrant was issued for appellant. When police went to appellant's place of employment to serve the warrant, appellant fled. He turned himself in several hours later at the Monroe County Jail.

Appellant's first trial ended in a mistrial. On direct examination, Detective Webb testified that appellant's picture, which was included in the photographic array shown to R.E., had been taken from her "sex crimes file." Appellant immediately moved for a mistrial. Prior to commencement of the second trial, appellant moved, pursuant to Ind.Code § 35–41–4–3(b), to dismiss the charges, contending that any subsequent prosecution was barred due to the alleged intent of the prosecutor to cause the mistrial. The court denied the motion.

Appellant argues the trial court erred in denying his motion to dismiss. He contends the second trial was barred under the Double Jeopardy Clause because the prosecutor had provoked him into requesting a mistrial.

Appellant's double jeopardy argument is unavailing. A motion by a defendant for a mistrial is ordinarily assumed to remove any barrier to reprosecution. *United States v. Dinitz* (1976), 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267; *Cabell v. State* (1978), 267 Ind. 664, 372 N.E.2d 1176. "Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." *Oregon v. Kennedy* (1982), 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416, 425. Thus the key inquiry is whether the prosecutorial conduct giving rise to the defendant's motion was intended to provoke the defendant into moving for a mistrial. *Id.* at 679, 102 S.Ct. at 2091, 72 L.Ed.2d at 427.

After a hearing on appellant's motion to dismiss, the court made the following finding:

"[T]he Court is nonetheless convinced that the State did at that time believe that the question and the response sought thereto which resulted in the mistrial were within the context of proper rebuttal evidence and that the State at the time maintained, the Court believes, in full belief of the propriety of its argument, that that evidence was properly admissible and that no error had been committed by it."

■ We agree with the trial court that the circumstances surrounding the aborted trial do not evidence an intent by the prosecutor to provoke appellant into moving for a mistrial. The prosecutor argued strenuously in opposition to the motion. The record supports the court's finding that the prosecutor believed the questioning of Detective Webb was proper in light of questions raised by the opening statement of appellant's counsel. There was no error in the denial of appellant's motion to dismiss.

Appellant contends the trial court erred in denying him a new trial on the basis of newly discovered evidence.

In his motion to correct error, appellant alleged that the discovery by doctors at the Indiana Reformatory that he was not circumcised constituted material evidence entitling him to a new trial. That allegation centered on a statement given by R.E. to Detective Webb that her assailant was circumcised. The trial court found that appellant had failed to use due diligence to discover the evidence, that the evidence would serve merely to impeach the testimony of the victim, and that the evidence would not produce a different result upon a retrial.

■ To gain a new trial based on newly discovered evidence, a defendant must show:

" '(1) [T]hat the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced on a retrial of the case; and (9) that it will probably produce a different result.' *Tungate v. State* (1958), 238 Ind. 48, 54–55, 147 N.E.2d 232, 235–36." *Wiles v. State* (1982), Ind., 437 N.E.2d 35, 39.

■ The trial court properly denied appellant's request for a new trial. Upon questioning by his attorney, appellant, apparently lacking understanding of the term, responded that he had been circumcised. There was sufficient time prior to trial to ascertain the truth of appellant's mistaken belief. The question of whether appellant was circumcised was not raised at trial; therefore, the evidence would at best serve to impeach the credibility of R.E. The evidence presented by appellant is clearly not sufficient to raise a strong presumption that, in all probability, it would produce a different result upon a retrial. *Augustine v. State* (1984), Ind., 461 N.E.2d 101; *Wiles, supra.*

Appellant argues the trial court erred in refusing to reread to the jury a portion of Preliminary Instruction No. 4 as a final instruction. He contends the judge was compelled by Ind.R.Tr.P. 51(A) to comply with his request.

The preliminary instruction addressed the defendant's presumption of innocence and the fact that the defendant was "not required to present any evidence to prove his innocence or to prove or explain anything." Appellant did testify at trial. In Final Instruction No. 9, the court instructed the jury that the presumption of innocence remains with the defendant throughout the trial.

■ As appellant had testified at trial, any instruction on the issue of a defendant's right to sit silent ceased to be applicable. Instructions having the propensity to mislead the jury are properly rejected. *Polk v. State* (1984), Ind., 467 N.E.2d 666; *Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836. The crux of what appellant wished the court to convey in the modified

preliminary instruction was adequately covered by Final Instruction No. 9. *See Richey v. State* (1981), Ind., 426 N.E.2d 389. Despite the language of Ind.R.Tr.P. 51(A), that "[t]he court ... if requested by either party, shall reread to the jury all or any part of the [preliminary] instructions," the court properly refused to reread the preliminary instruction in light of appellant's decision to testify.

Appellant contends the trial court erred in denying his amended motion for continuance which alleged the unavailability of an expert witness.

 The granting of a motion for a continuance lies within the sound discretion of the trial judge, whose determination will be reversed only upon a showing of clear error. *Zachary v. State* (1984), Ind., 469 N.E.2d 744; *Pearson v. State* (1982), Ind., 441 N.E.2d 468.

Appellant's amended motion for continuance was filed one day prior to trial. The first day of trial the court addressed the motion. The court noted that the name of the unavailable expert witness was added to appellant's list of witnesses after the date set out in the court's pretrial order and without court approval. The court stated the substance of the expert witness' testimony, that appellant was unable to grow facial hair, could be fairly proven by the testimony of other witnesses or by other evidence.

As pointed out by the State, the court, upon granting what it termed appellant's oral motion to amend his witness list, readdressed the motion for continuance.

"THE COURT: In that event, I guess you can add him to your list, Mr. Cotner. But I will not continue the trial to arrange for his presence.

"MR. COTNER: Well, Your Honor, we wouldn't request that."

The State submits that appellant waived this issue by voluntarily abandoning his motion and acquiescing in the court's action. Regardless of the apparent abandonment of the motion for continuance, given the late filing of the motion and the substance of the expert witness' testimony, we find no abuse of the trial court's discretion in denying the motion.

Appellant alleges the evidence is insufficient to support the convictions.

On appellate review this Court will neither weigh evidence nor judge the credibility of witnesses. *Smith v. State* (1981), 275 Ind. 642, 419 N.E.2d 743.

The uncorroborated testimony of the victim of an alleged rape is sufficient to sustain a conviction. *Smith v. State* (1985), Ind., 474 N.E.2d 71; *Borom v. State* (1984), Ind., 470 N.E.2d 712. R.E. testified that appellant put a knife to her neck, forced her into a room, locked the door, and both raped her and forced her to perform fellatio. Her photographic and in-court identifications of appellant were unequivocal. We will not, as appellant urges, reweigh the evidence or judge the credibility of the victim.

The trial court is in all things affirmed.

All Justices concur.