**Richard Duane MUMFORD III,
Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 1285S533.

Supreme Court of Indiana.

Nov. 5, 1987.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

In this direct appeal, defendant challenges his convictions for confinement, a class D felony; rape, a class B felony; criminal deviate conduct, a class B felony; and robbery, a class C felony. He was also determined to be a habitual offender. The

following issues are presented: 1) sufficiency of identification evidence, 2) sufficiency of prior conviction evidence, and 3) admissibility of exhibit. We affirm.

### Issue 1—Identification Evidence

Asserting that his convictions rest solely upon the testimony of eyewitnesses, defendant contends that the evidence was insufficient to identify him as the assailant because of the failure of the witnesses' testimony to note the presence of burn scars upon the assailant's upper chest and neck, the absence of half of his left third finger, and the lack of eye glasses, which items defendant claims as unique identifying characteristics.

Upon a challenge to the sufficiency of evidence, we must consider only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, and will affirm if a reasonable trier of fact could conclude that the defendant was guilty beyond a a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223. Criminal offenses such as those involved here may be based upon the uncorroborated testimony of a single victim. *Woods v. State* (1985), Ind., 484 N.E.2d 3; *Smith v. State* (1985), Ind., 474 N.E.2d 71.

To support his contention that the identification testimony was insufficient, defendant cites *Lottie v. State* (1974), 262 Ind. 124, 311 N.E.2d 800, and *Gaddis v. State* (1969), 253 Ind. 73, 251 N.E.2d 658. We are not pursuaded. In *Lottie*, this Court found that the evidence amounted only to "grounds for suspicion" and the identifying testimony "equivocal and qualified," with significant differences between the assailant and the defendant. The identification evidence in *Gaddis* was similarly weak. The State's chief prosecuting witness was unsure as to the identity of the criminal and his testimony was found to be "vacillating, contradictory, and uncertain."

■ Such reasoning is not applicable to the evidence in the present case. During the attack and ordeal, the victim was able to observe the defendant's unobstructed face for about 30 minutes in full lighting.

The victim's encounter with her assailant lasted approximately two hours. Shortly after he left, she called the police and reported the rape. Upon arrival of the police, she fully described her assailant's race, height, weight, age, facial hair, and clothing. The following day, the victim made a positive identification of defendant's picture from a photographic array. At trial, she was unequivocal in her identification of the defendant as her assailant.

Despite defendant's claims of omitted unique identification characteristics, we find that the probative evidence was clearly sufficient to enable the jury to determine that defendant was the victim's assailant.

### Issue 2—Prior Conviction Evidence

Determination of defendant's habitual offender status resulted from the charge that he had accumulated two prior unrelated felony convictions for theft, one on April 18, 1979, in Marion County Superior Court, Criminal Division 4, and one on October 30, 1984, in Marion County Municipal Court, Room 6. Defendant claims that the State's evidence consisted of a "confusing set of documents" and that the charged prior convictions were committed by a Richard Lee Mumford, III, or a Richard Mumford, instead of Richard Duane Mumford, III, defendant herein.

■ Defendant correctly observes that certified copies of judgments or commitments containing a name similar to the defendant may be introduced to prove the commission of prior felonies, providing there is other supporting evidence to establish proper identity. *Coker v. State* (1983), Ind., 455 N.E.2d 319. In addition to certified documents for both prior convictions in the present case, the defendant's identification was independently established by fingerprint testimony and by positive identification from a probation officer.

We find the evidence was sufficient to support the jury's determination that the defendant had accumulated the charge to prior unrelated felony convictions.

*Issue 3—Admission of Exhibit 8*

■ Defendant finally claims error in the admission of State's Exhibit 8, a two-count information, one count of which was later dismissed. Other testimony and evidence presented during the habitual offender phase of defendant's trial explained that the dismissal applied only to one of the two counts, and that the remaining count ultimately resulted in one of the prior unrelated felony convictions. Defendant's argument on this issue is without merit.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.