**Roberto DIAZ, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8705–CR–522.**

Supreme Court of Indiana.

June 30, 1988.

Nathaniel Ruff, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of two counts of Dealing in a Narcotic Drug, a Class B felony. He received two fourteen (14) year sentences to be served concurrently.

The facts are: During the course of the first trial and during the presentation of appellant's evidence, the State was cross-examining appellant's wife. The deputy prosecutor had asked her several questions concerning appellant's character. He then asked if appellant had in fact served time previously for dealing in narcotics. Appellant immediately objected and the trial court immediately sustained the objection and admonished the jury to disregard the

question. Appellant then moved for a mistrial; after taking the matter under consideration on the following day, the judge sustained the motion for mistrial.

At the commencement of the second trial, the defendant moved for discharge under the authority of Ind.Code § 35–41–4–3(b) which provides that:

"If the prosecuting authority brought about any of the circumstances in subdivisions (a)(2)(i) through (a)(2)(vi) of this section, with intent to cause termination of the trial, another prosecution is barred."

In the case of *Woods v. State* (1985), Ind., 484 N.E.2d 3, this Court dealt with a situation very similar to the case at bar. The trial judge here very carefully considered the statute and the case law covering the subject. The record in this case clearly supports the trial judge's conclusion that the deputy prosecuting attorney was not attempting to goad the defense into moving for a mistrial but was sincere in his position that appellant's wife had brought appellant's character into controversy and thus he was allowed to bring in prior convictions. Although the prosecuting attorney was obviously sincere in making this argument to the court, the trial court was justified in holding that he nevertheless was in error. The trial court felt that in the interest of justice he should sustain appellant's motion for a mistrial.

The situation gave rise to a question of fact to be determined by the trial judge. The trial judge's handling of this matter was exemplary throughout. Although he recognized that he probably could have denied the motion for mistrial without committing error, he felt that fairness to the appellant dictated the granting of his motion for mistrial. This Court will not reweigh the evidence in an attempt to second-guess the trial judge in his observations.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.